IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANKLIN KLEIN,

                Plaintiff,

    v.

PAULINE HULSTEIN, AMANDA KRAGNESS,
TAMMY MAASEN AND WADE PULHAM,

                Defendants.

ORDER

19-cv-887-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Franklin Klein, who is incarcerated at New Lisbon Correctional Institution, is proceeding on claims that staff at the Jackson Correctional Institution failed to provide him the low bunk restriction that was prescribed for his vertigo and seizures, in violation of his rights under the Eighth Amendment and state negligence law. Before the court is plaintiff's motion to strike defendants' answer and for default judgment on the ground that defendants failed to respond to his July 15, 2020 discovery requests. Dkt. #29. The motion will be denied.

Plaintiff's requests for interrogatories were postmarked July 15, 2020, and defendants' responses were due August 14, 2020. Fed. R. Civ. P. 33(b)(2) (requiring party to respond to discovery request within 30 days unless parties stipulate or court orders otherwise). On July 30, defense counsel sent plaintiff a letter, asking for a two-week extension of the response deadline. Dkt. #29-1. Plaintiff did not respond to the request. On September 3, 2020, defense counsel sent plaintiff another letter, apologizing for the delay, explaining that limited staffing and the COVID-19 pandemic were responsible for the delay and stating that

1

he would be happy to extend plaintiff's September 18, 2020 deadline for disclosing expert witnesses, if necessary. Dkt. #29-2. Defendants Maasen, Kragness and Pulham responded to plaintiff's requests for interrogatories on September 9, 2020. Dkt. #32-2 at 1. Defendant Hulstein mailed her responses on September 25, 2020. Id. at 49.

Rule 37(b) of the Federal Rules of Civil Procedure provides that a court may impose sanctions if a party or party's officer fails to obey an order to provide discovery. In addition, the court has inherent authority to sanction misconduct. Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 775 (7th Cir. 2016). The court has not issued an order compelling defendants to produce discovery in this case. Moreover, before dismissing a suit as a sanction, the court must find that defendants acted willfully, in bad faith, or were "at fault" for failing to respond to plaintiff's discovery requests. Id. at 776. Fault, in contrast to willfulness or bad faith, does not require a showing of intent, but presumes that the sanctioned party had "extraordinarily poor judgment" or gross negligence, rather than mere mistake or carelessness. Id. Plaintiff has not shown bad faith, willfulness or fault on the part of defendants. Defense counsel contacted plaintiff in a timely manner, before the expiration of the discovery deadline, and explained that circumstances beyond his control were causing the delay. In addition, plaintiff has not shown that the 42-day delay prejudiced him in any significant way. Accordingly, plaintiff's motion to strike defendants' pleadings and for a default judgment will be denied.

ORDER

IT IS ORDERED that plaintiff Franklin Klein's motion to strike and for default judgment, dkt. #29, is DENIED.

Entered this 10th day of November, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge